## Smith v. Smith

*Daniel E. Teeter*, for plaintiff.

SHEELY, P. J., August 1, 1959.—Plaintiff has unquestionably established a good cause for divorce but we are concerned about the notice of the master's hearing sent to defendant who is a prisoner in a State penitentiary. The formal notice sent by the master to defendant by registered mail, and received by him, advised him fully of the grounds upon which plaintiff was seeking a divorce and of the time and place fixed for the hearing "at which time and place you may appear in person or by counsel and produce such witnesses as you may desire to have testify." It concluded with a sentence: "Kindly let the undersigned Master know promptly whether you desire to appear and defend said action in divorce."

As the learned master points out, this complied with the order entered in Knable v. Knable, 67 D. & C. 380 (1949), in which we directed the master to give notice of a rehearing in the case to defendant by registered mail inquiring of him whether he desired to appear in defense of the action. However, it overlooks the fact that in the Knable case the notice of the original hearing before the master included a notice to defendant that he could apply for a writ of habeas corpus ad testificandum. We said: "We are not satisfied that the notice to defendant that he could secure a writ of

habeas corpus ad testificandum was a sufficient notice to him of his rights or that the terms therein used were intelligible to him. It must be borne in mind that he was prevented for defending the action by reason of the sentence of court, and *every effort must be made to preserve and protect his rights.*" (Italics supplied.) Thus, in the Knable case, defendant was advised that he could secure a writ of habeas corpus testificandum and inquiry was also made as to whether he desired to appear in defense of the action. In the present case defendant had merely the formal notice of the hearing at which he could appear in person or by counsel and a request that he advise the master promptly whether be desired to appear and defend said action in divorce. There was nothing to indicate that he might, or how he might, secure his release from prison for that purpose and he might well have thought that there was no use advising the master that he desired to appear since his incarceration would prevent him from appearing.

In Davidson v. Davidson, 1 D. & C. 2d 71 (1954), Judge Shughart of Cumberland County followed Knable v. Knable and directed another hearing, saying: ". . . notice of which hearing must not only be given to defendant but, at the same time, he must be advised that in the event he desires to appear, proper steps will be taken so that he may appear and defend the action, if he so desires." This incorporated all that was contained in the two notices in the Knable case and fully advised defendant of his rights.

We are aware of the fact that most prisoners in the penitentiaries are very familiar with the use of writs of habeas corpus, but the effect of insufficient notice might be considered as depriving defendant of due process of law and to render invalid a decree of divorce based upon such notice.

And now, August 1, 1959, the record in the within case is referred back to the master for the purpose of

fixing a further hearing and giving notice thereof to defendant in accordance with the views herein expressed.